1   JANET M. HEROLD
    Regional Solicitor
2   SUSAN SELETSKY
    California Bar No. 176106
3   Counsel for Wage and Hour
    California Bar No. 176106
4   TARA STEARNS
    Trial Attorney
5   California Bar No. 291130
    United States Department of Labor
6   Office of the Solicitor
    90 Seventh Street, Suite 3-700
7   San Francisco, California 94103
    Telephone: (415) 625-7741
8   Facsimile: (415) 625-7745
    Email: stearns.tara.e@dol.gov
9
    Attorneys for United States Secretary of Labor
10

11              UNITED STATES DISTRICT COURT FOR THE

12              NORTHERN DISTRICT OF CALIFORNIA

13   THOMAS E. PEREZ, Secretary of Labor,  ) Case No. 3:15-cv-5556
     United States Department of Labor,     )
14                                          )
                                            ) **COMPLAINT FOR VIOLATIONS**
15              Plaintiff,                   ) **OF THE FAIR LABOR**
           v.                               ) **STANDARDS ACT**
16                                          )
                                            )
17   SAN MIGUEL HOMES FOR THE               )
     ELDERLY, LLC, a California limited     )
18   liability company; PRECILLA SAN        )
     MIGUEL, an individual; TEOFILO CRIS    )
19   SANQUE, an individual; and  RYAN       )
     SAN MIGUEL, an individual,             )
20                                          )
                                            )
21              Defendants.                 )
                                            )
22   _____)

23         Thomas E. Perez, the United States Secretary of Labor, brings this

24   action to enjoin Defendants San Miguel Homes for the Elderly, LLC, Precilla San

25
                              COMPLAINT
26   *Secretary of Labor v. San Miguel Homes for the Elderly, LLC, et* al (Case No. 3:15-cv-5556)

                                    1

Miguel, Teofilo Cris Sanque, and Ryan San Miguel from violating the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201 et seq., and to recover unpaid minimum wage and overtime compensation owed to Defendants' current and former employees, and an equal amount as liquidated damages.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action under FLSA §§ 16(c) and 17, 29 U.S.C. §§ 216(c) and 217, and under 28 U.S.C. §§ 1331 and 1345.

2.      The United States District Court for the Northern District of California is the proper venue under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Union City, California.  In addition, all of the individual defendants reside in Union City, California, and San Miguel Homes for the Elderly, LLC is headquartered in Union City, California.

## INTRADISTRICT ASSIGNMENT

3.      This case should be assigned to the San Francisco or Oakland Division of the Northern District of California under Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to these claims occurred in Alameda County.

## PARTIES

4.      Plaintiff Thomas E. Perez is the Secretary of Labor for the United States Department of Labor.

5.      Defendant San Miguel Homes for the Elderly, LLC is a limited liability company organized under the laws of California and headquartered in Union City, California.  Since at least approximately June 2014, San Miguel Homes for the Elderly, LLC has operated three residential care facilities for the elderly in Union City, California under the names C&R Home for the Elderly, P&R Residential Care for the Elderly, and San Miguel Home for the Elderly (collectively, "the Facilities"), and an in-home elder care service, Quality In Home Care.

6.      Defendant Precilla San Miguel, an individual, resides in Union City, California, and is President, 60% owner, and a manager of San Miguel Homes for the Elderly, LLC.  Before approximately June 2014, she owned the Facilities and Quality In Home Care as a sole proprietorship and operated them with her two sons, Teofilo Cris Sanque and Ryan San Miguel.  During this time, she directly employed the employees who performed the services and cared for the elderly residents of the homes.  Since June 2014, she has continued to operate the Facilities and acted in the interest of San Miguel Homes for the Elderly, LLC in relation to the workers employed in the Facilities: she has managed the day-to-day

operations of the Facilities, determined employment practices, hired and fired workers, set hours and pay, and maintained employment records.

7. Defendant Teofilo Cris Sanque, an individual, resides in Union City, California, and is Treasurer, 20% owner, and a manager of San Miguel Homes for the Elderly, LLC. At all relevant times, he has either directly employed or acted in the interest of Precilla San Miguel or San Miguel Homes for the Elderly, LLC in relation to the workers employed in the Facilities: he has been involved in managing the day-to-day operation of the Facilities, administered payroll, and maintained employment records.

8. Defendant Ryan San Miguel, an individual, resides in Union City, California, and is Secretary, 20% owner, and a manager of San Miguel Homes for the Elderly, LLC. At all relevant times, he has either directly employed or acted in the interest of Precilla San Miguel or San Miguel Homes for the Elderly, LLC in relation to the workers employed in the Facilities: he has been involved in managing the day-to-day operation of the Facilities and in handling employment matters, including payroll.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. At all relevant times, the Facilities and Quality In Home Care have been an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of FLSA §§ 3(r)(1) and 3(s)(1)(A), 29 U.S.C.

§ 203§§ 3(r)(1) and 3(s)(1)(A) because

(a)    Defendants have jointly owned and operated the Facilities and Quality

in Home Care for a common business purpose–to make a profit by

providing elder care services to the public–using the same management,

marketing, and employment practices;

(b)    Workers employed in the Facilities have handled products, including

cleaning supplies, made outside of California and transported into the State;

and

(c)    Since 2012, the combined annual gross volume of sales made or

business done by the Facilities and Quality In Home Care has exceeded

$500,000.

10.    At all relevant times, Precilla San Miguel has been an employer of the

workers employed in the Facilities, including the current and former employees

named in Exhibit A, under FLSA § 3(d), 29 U.S.C. § 203(d).

11.    At all relevant times, Teofilo Cris Sanque has been an employer of the

workers employed in the Facilities, including the current and former employees

named in Exhibit A,  under FLSA § 3(d), 29 U.S.C. § 203(d).

12.     At all relevant times, Ryan San Miguel has been an employer of the workers employed in the Facilities, including the current and former employees named in Exhibit A,  under FLSA § 3(d), 29 U.S.C. § 203(d).

13.     Since at least June 2014, San Miguel Homes for the Elderly, LLC has been an employer of the workers employed in the Facilities, including the current and former employees named in Exhibit A,  under FLSA § 3(d), 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION
### (Violation of Minimum Wage Provisions of the FLSA)

14.     Since at least October 21, 2012, Defendants have violated and continue to violate the minimum wage provisions of FLSA §§ 6(a) and 15(a)(2), 29 U.S.C. §§ 206(a) and 215(a)(2), by failing to pay employees at least the federal minimum wage for all hours worked in workweeks when the employees were engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.  Specifically, the workers employed in the Facilities routinely work and have worked more than eight hours per day, but Defendants have either paid the workers for only eight hours of work per day, or paid them a flat daily rate that did not account for all hours worked.  As a result, the workers' hourly rate has been less than the federal minimum wage.

15.     At all relevant times, Defendants have willfully violated and continue to violate FLSA §§ 6(a) and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2).  Defendants knew or should have known of the FLSA's minimum wage requirements but nevertheless employed, and continue to employ, workers in the Facilities without properly compensating them.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

16.     Since at least October 21, 2012, Defendants have violated and continue to violate the overtime provisions of FLSA §§ 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a) and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, the workers employed in the Facilities routinely work and have worked more than forty hours per week, but Defendants have not compensated them at time and one-half the regular rate at which they were employed for all hours worked in excess of forty.

17.     At all relevant times, Defendants have willfully violated and continue to violate FLSA §§ 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a) and 215(a)(2).

1
2
3
4

Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers in the Facilities without properly compensating them for hours worked in excess of forty per workweek.

### THIRD CAUSE OF ACTION
### (Violation of the Recordkeeping Provisions of the FLSA)

5
6
7
8
9
10
11
12
13
14
15
16
17

18**.**    Defendants have violated and continue to violate the recordkeeping provisions of FLSA §§11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by Defendants as prescribed by the Secretary of Labor's regulations, 29 CFR Part 516.  In many workweeks, Defendants failed to keep any records at all of the hours worked by the workers employed in the Facilities; in other workweeks, Defendants failed to keep accurate and complete records of the hours worked by those employees.

18
19
20
21
22
23
24

19.    At all relevant times, Defendants willfully violated and continue to willfully violate FLSA §§11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5). Defendants knew or should have known of the FLSA's recordkeeping requirements but nevertheless failed and continue to fail to keep proper employment records.

25
26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## REQUEST FOR RELIEF

Plaintiff requests that the Court:

a)      enjoin and restrain Defendants, their officers, agents, servants, employees, successors, and persons acting in active concert or participation with them from violating the minimum wage, overtime, and recordkeeping provisions of FLSA §§ 6(a), 7(a), 11(c) and 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 206(a), 207(a), 211(c), and 215(a)(2) and 215(a)(5), under FLSA § 17, 29 U.S.C. § 217;

b)      issue an order under FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants jointly and severally liable for the unpaid minimum wage and overtime compensation due to Defendants' current and former employees, including the individuals listed in Exhibit A, for the period beginning October 21, 2012, plus an additional equal amount as liquidated damages (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint);

c)      if liquidated damages are not awarded, issue an order under FLSA § 17, 29 U.S.C. § 217, enjoining Defendants from withholding payment of unpaid minimum wage and overtime compensation found due to Defendants' current and former employees, including the individuals listed in Exhibit A, for the period beginning October 21, 2012, plus pre-judgment interest at an appropriate interest rate;

COMPLAINT
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC, et* al (Case No. 3:15-cv-5556)
9

1        d) award Plaintiff the costs of this action; and

2        e) grant any other relief that is necessary or appropriate.

3

4

Dated: December 4, 2015

5

6                        M. PATRICIA SMITH

7                        Solicitor of Labor

8                        JANET M. HEROLD
                    Regional Solicitor

9                        SUSAN SELETSKY

10                       Counsel for Wage and Hour

11

12                       */s/ Tara Stearns*
                    TARA STEARNS

13                       Trial Attorney

14                       Attorney for Thomas E. Perez,

15                       Secretary of Labor,
                    U.S. Department of Labor

16

17

18

19

20

21

22

23

24

25

26
                                  COMPLAINT

**EXHIBIT A**

1. Arcilla, Leongcia

2. Bayani, Victoria

3. Carreon, Roslyn

4. Castillo, Teresita

5. Crawford, Mitzie Marie

6. Dacuma, Marta

7. De Leon, Amalia

8. Dela Cruz, Christine Angelyn

9. Dimain, Teresita

10. Dimarucut, Delia

11. Dimzon, Teresita

12. Guiao, Christine Berea

13. Lucas, Catalina

14. Macapagal, Ermina

15. Manalili, Simon Vincent

16. Queddeng, Imelda

17. Quiambao, Aida

18. Quirimit, Teresita

19. Rivera, Audrey

20. Son, Esther

21. Tanjoco, Maricar

22. Yegyayan, Josephine