UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SAN MIGUEL HOMES FOR THE ELDERLY, LLC, a California limited liability company; PRECILLA SAN MIGUEL, an individual; TEOFILO CRIS SANQUE, an individual; and RYAN SAN MIGUEL, an individual,<br><br>Defendants. | Case No. 4:15-cv-5556-DMR<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

This matter came before the Court on the ex parte motion of the United States Secretary of Labor for a temporary restraining order under Federal Rule of Civil Procedure 65 and FLSA § 17, 29 U.S.C. § 217, restraining Defendants San Miguel Homes for the Elderly, LLC, Precilla San Miguel, Teofilo Cris Sanque, and Ryan San Miguel from violating the antiretaliation, investigative, and recordkeeping provisions of the FLSA, 29 U.S.C. §§ 211(a), 211(c), and 215(a)(3), pending a hearing on the Secretary's motion for a preliminary injunction.

On December 4, 2015, the Secretary filed a Complaint alleging that Defendants violated the minimum wage, overtime, and recordkeeping provisions of the FLSA §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5). On February 8, 2016, the Secretary moved for leave to file an amended Complaint, which makes all the same allegations in the original Complaint, and adds two new causes of action for violations of the investigative and antiretaliation provisions of FLSA §§ 11(a) and 15(a)(3), 29 U.S.C. §§ 211(a), 215(a)(3).

The Amended Complaint seeks injunctive relief under FLSA § 17, 29 U.S.C. § 217, and unpaid wages and liquidated damages under FLSA § 16(c), 29 U.S.C. § 216(c).

The Secretary presented evidence in support of his motion demonstrating that since the Complaint was filed, Defendant Precilla San Miguel has questioned, expressed anger toward, and picked on employees whom she accused of providing information to the Secretary's investigators, threatened to sue employees named in the Secretary's Complaint, and pressured employees who participated or whom she believes participated in the Secretary's investigation to sign fake timesheets, false employment agreements, and illegal waivers of their right to sue their employer. Such threats, instructions to sign false documents, and retaliatory actions are likely to violate the FLSA's investigative and antiretaliation provisions. See 29 U.S.C. §§ 211(a), 215(a)(3). In addition, the Secretary presented evidence that in the past three years, Defendants either failed to keep any records at all of the hours worked by their workers or kept records that underreported the actual number of hours worked. Thus, Defendants' recordkeeping practices likely violate the FLSA. See 29 U.S.C. 211(c). Defendants' conduct, if not immediately rectified, irreparably harms the Secretary's ability to enforce the FLSA, which Congress enacted in the public interest.

The Secretary has presented evidence in support of the temporary restraining order and has shown that good cause exists for issuing a TRO. Thus, the Court GRANTS the motion for a temporary restraining order and order to show cause, and sets a hearing on the motion for a preliminary injunction as set forth below.

//

//

[PROPOSED] TRO; OSC RE PRELIMINARY INJUNCTION
Secretary v. San Miguel Homes for the Elderly, LLC, et al (Case No. 4:15-cv-5556-DMR)
2

# TEMPORARY RESTRAINING ORDER

**PENDING THE HEARING** on the Secretary's motion for a preliminary injunction, the Court hereby **ENJOINS** Defendants San Miguel Homes for the Elderly, LLC, Precilla San Miguel, Teofilo Cris Sanque, and Ryan San Miguel, and their agents, family members, attorneys, employees, and all those in active concert or participation with Defendants as follows:

1. Defendants shall not terminate or threaten to terminate any employee, or retaliating or discriminating against any employee in any way, based on Defendants' belief that the employee spoke with or will speak with officials of the U.S. Department of Labor, or engaged in or will engage in any other FLSA-protected activity;

2. Defendants shall not speak directly to or question any of current or former employee about any pending investigation by the Department of Labor or any communication any employee has had or will have with the Department of Labor about the pending investigation, litigation arising from the investigation, or any future investigation;

3. Within 2 days of this Order, Defendants shall permit the Secretary of Labor's representatives to enter each residential care facility operated by Defendants, and in the presence of Precilla San Miguel, Cris Sanque, and Ryan San Miguel, read aloud the following statement to all employees employed by Defendants:

> You are protected by the Fair Labor Standards Act. You have the right to speak freely to officials of the U.S. Department of Labor and participate in the lawsuit brought by the Department against your employer. Your employer cannot retaliate against you in any way for speaking to the Department of Labor or participating in the lawsuit.
>
> The U.S. District Court for the Northern District of California has ordered San Miguel Homes for the Elderly, LLC, Precilla San Miguel, Teofilo Cris Sanque, and Ryan San Miguel, and anyone acting on their behalf, to immediately stop retaliating against or in any way threatening you for talking to the Department

of Labor or participating in the Department's investigation of and lawsuit against your employer.

The Court also ordered your employer to stop asking you to sign false timesheets, employment agreements, and waivers. You will not suffer any negative consequences for signing those documents.

You have the right to sue your employer to enforce your rights under the Fair Labor Standards Act. Any waiver of those rights that your employer asked you to sign is illegal and cannot be used against you.

Your employer is required by the Fair Labor Standards Act to pay you at least $7.25 per hour for all hours that you work, and 1 and ½ times your regular hourly rate for any hours above 40 that you work in a week. <u>All the hours that you are required to stay at the residential facility count as hours worked.</u> If you are required to stay for less than 24 hours, you must be paid for all the time that you spend sleeping. If you are required to stay for 24 hours or more, you must be paid for all the time you spend sleeping if you cannot get at least 5 hours of sleep during the night due to being awakened to care for the residents. If you get at least 5 hours of sleep, your employer may deduct your sleep time from hours worked, but you must be paid for all the time that you spend caring for residents at night.

4. Defendants shall pay their employees for the time spent in the meeting with the U.S. Department of Labor required by paragraph 3.

5. Defendants Precilla San Miguel, Teofilo Cris Sanque, and Ryan San Miguel shall sign a copy of the statement included in paragraph 3, post a copy of the signed statement at each of their residential care facilities, and mail a copy of the signed statement to all current and former employees who have worked for Defendants since October 2012.

6. Defendants shall not fabricate false evidence or pressure employees to sign false documents related to their employment or waivers of their right to sue their employer;

7. Defendants shall produce to the Secretary all fake timesheets, waiver agreements, and other employment agreements that Defendants have required current and former employees to sign since November 1, 2015, and enjoin them from introducing any of those documents as evidence of their compliance with the FLSA in this case;

8. Defendants shall not take any legal action against their current and former employees for participating in the U.S. Department of Labor's investigation or lawsuit;

9. Prior to terminating any employee, Defendants shall give written notice to the employee and to the Wage and Hour Division of the U.S. Department of Labor at least seven days before the termination;

10. Defendants shall immediately reinstate or make whole employees who have been illegally terminated for engaging in FLSA-protected activity;

11. Defendants shall not continue to violate the FLSA's recordkeeping requirements, including the requirement to maintain an accurate record of all hours worked by their employees; and

12. Defendants shall reimburse the Secretary for the costs of bringing this motion.

## ORDER TO SHOW CAUSE

**TO DEFENDANTS SAN MIGUEL HOMES FOR THE ELDERLY, LLC, PRECILLA SAN MIGUEL, TEOFILO CRIS SANQUE, AND RYAN SAN MIGUEL:**

**YOU ARE HEREBY ORDERED TO SHOW CAUSE** on _____, 2015, at _____ a.m. / p.m. in the United States District Court for the Northern District of California, Courtroom 4 - 3rd Floor, Oakland Courthouse, 1301 Clay Street, Oakland, CA, why a preliminary injunction should not issue to enjoin the conduct proscribed by the above Temporary Restraining Order.

You must file any written response to the Motion for Temporary Restraining Order and Order to Show Cause no later than 5:00 p.m. on _____, 2015. The Secretary shall file any reply no later than 5:00 p.m. on _____, 2015.

A Wage and Hour, U.S. Department of Labor investigator shall serve copies of the Temporary Restraining Order, Order to Show Cause, and supporting documents on Defendants within \_\_\_\_\_ calendar days of entry of this Order.

**IT IS SO ORDERED.**

Dated _____, 2015.

_____

**DONNA M. RYU**
United States Magistrate Judge