United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN MIGUEL HOMES FOR THE ELDERLY, LLC, et al.,<br><br>  Defendants. | Case No. 15-cv-05556-DMR<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 15 |

On February 8, 2016, Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor ("DOL"), filed a motion for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not issue. Plaintiff seeks an order enjoining Defendants from, *inter alia*, retaliating against their employees for engaging in activity protected by the Fair Labor Standards Act ("FLSA") and speaking directly to or questioning their employees about any pending DOL investigation and litigation arising from the investigation.

In evaluating Plaintiff's motion for a TRO, the court must determine whether Plaintiff has demonstrated that he is likely to succeed on the merits of his claims. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 21-22 (2008). Therefore, it appears that the claims that form the basis for the request for a TRO must be part of the operative complaint. Plaintiff's motion for a TRO is based on claims for unlawful retaliation and unlawful interference with his investigation of Defendants' alleged violations of the FLSA. However, these claims are not pleaded in the operative complaint. As Plaintiff did not provide authority supporting his request for entry of a TRO based on claims that are not yet part of the case, his motion for a TRO is denied without prejudice.

1  The court notes that Plaintiff simultaneously filed a motion for leave to file an amended
2  complaint, seeking to file an amended complaint adding, *inter alia*, the retaliation and interference
3  claims. [Docket No. 14.] However, Plaintiff did not properly notice the motion in compliance
4  with Civil Local Rule 7-2(a), which requires that "all motions must be filed, served and noticed in
5  writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing
6  of the motion," nor did they ask for an order shortening time. Accordingly, the March 10, 2016
7  hearing date on Plaintiff's motion for leave to file an amended complaint is VACATED. Plaintiff
8  must re-notice the motion for hearing in accordance with Civil Local Rule 7-2(a).

10  **IT IS SO ORDERED.**

11  Dated: February 9, 2016



Donna M. Ryu
United States Magistrate Judge