JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for Wage and Hour
California Bar No. 176106
TARA STEARNS
Trial Attorney
California Bar No. 291130
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7741
Facsimile: (415) 625-7772
Email: stearns.tara.e@dol.gov

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>       Plaintiff,<br><br>    v.<br><br>SAN MIGUEL HOMES FOR THE ELDERLY, LLC, a California limited liability company; PRECILLA SAN MIGUEL, an individual; TEOFILO CRIS SANQUE, an individual; and RYAN SAN MIGUEL, an individual,<br><br>       Defendants. | Case No. 4:15-cv-5556-DMR<br><br>~~(PROPOSED)~~ **CONSENT JUDGMENT AND ORDER** |

       Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants PRECILLA SAN MIGUEL, an individual; TEOFILO CRIS SANQUE, an individual; and RYAN SAN MIGUEL, an individual (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment as follows:

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

1

# I.     <u>STATEMENT BY THE PARTIES</u>

A.    The Secretary has filed an Amended Complaint alleging that Defendants violated Sections 6, 7, 11(a),(c), and 15(a)(2), (3), and (5) of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§ 206, 207, 211(a),(c), and 215(a)(2),(3), and (5).

B.    Defendants acknowledge service of the Secretary's Complaint and summons, and the First Amended Complaint.

C.    Defendants have appeared in this action and waive their answer.

D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

E.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Northern District of California.

F.    Defendants agree to the entry of this Consent Judgment without contest.

G.    Defendants acknowledge that Defendants and any individual, agent, or entity acting on their behalf or at their direction has notice of, and understands, the provisions of this Consent Judgment.

H.    Defendants admit that they operate residential care facilities for the elderly and a home elder care service at locations in Northern California; that this business is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r)(1) and 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(r)(1), s)(1)(A); and that, as such, Defendants are subject to the provisions of the FLSA.

I.    Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), during the period of October 21, 2012 through March 2, 2015 (the "Subject Period"), by paying their employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

J.    Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C.

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

2

§§ 207 and 215(a)(2), during the Subject Period, by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

K.     Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), during the Subject Period, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as required under 29 C.F.R. Part 516.

L.     Defendants admit to violating Sections 11(a) and 15(a)(3) of the FLSA, 29 U.S.C. §§ 211(a) and 215(a)(3), by coercing employees to sign false documents, intimidating and threatening to sue employees, and otherwise  retaliating against employees believed to have cooperated or who might cooperate with Secretary's investigation and enforcement action.

## II.     <u>JUDGMENT</u>

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1.     Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2.     Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C.

§§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

3.     Defendants shall not fail to make, keep and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required by Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.

4.     Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to her or him from Defendants under the provisions of this judgment or the FLSA.

5.     Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any employee because such employee has or is believed to have filed any wage complaint, including making a complaint to Defendants, or instituted or caused to be instituted any proceeding under the FLSA or has provided information to the Department of

Labor in any such proceeding.

6.     Defendants shall not, contrary to section 11(a) of the FLSA, 29 U.S.C. § 211(a), interfere with, impede, or obstruct a U.S. Department of Labor, Wage and Hour Division investigation nor shall they discourage, dissuade, or in any manner deter, nor solicit or encourage anyone else to deter, any employee from cooperating with an investigation of the U.S. Department of Labor, Wage and Hour Division.

7.     Defendants, jointly and severally, shall not continue to withhold payment of $212,500, which represents the unpaid minimum wage and overtime compensation hereby found to be due for the Subject Period, to the employees named in the attached Exhibit A in the amounts set forth therein.

8.     **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants, jointly and severally, shall pay to the Secretary the aforementioned sum of $212,500 plus the additional sum of $212,500 as liquidated damages, pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), for the Subject Period to the employees named in the attached Exhibit A in the amounts set forth therein.

9.     **JUDGMENT IS HEREBY ENTERED** in the amount of $425,000 against the Defendants, jointly and severally, and in favor of the Plaintiff, Secretary of Labor.

10.     The provisions of paragraphs 7 and 8 of this Consent Judgment will be deemed satisfied when Defendants comply with the following provisions:

a.     Within 15 days of the entry of this Consent Judgment, Defendants shall deliver to District Director Susana Blanco, Wage and Hour Division, United States Department of Labor, 90 7th Street, Suite 12-100, San Francisco, CA 94103-6719 a schedule containing the last known home address, social security number, and telephone number (if known) for each person named in the attached Exhibit A.

b.     Within 60 days of the entry of this Consent Judgment, Defendants shall pay the full amount of back wages and liquidated damages due under this Judgment by delivering two separate cashier's checks or money orders, each in the amount of $212,500 made payable to

"Wage & Hour Div., Labor." One remittance shall be allocated to backwages, which shall be shown by writing "San Miguel-BWs" in the subject line; the other remittance shall be allocated to liquidated damages, which shall be shown by writing "San Miguel-LDs" in the subject line. Both remittances shall be delivered to Wage and Hour Division District Director Susana Blanco at the address listed in Paragraph 10.a.

11.    The Secretary shall allocate and distribute the back wages and liquidated damages to the persons named in the attached Exhibit A, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the back wage amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. Defendants are responsible for the employer portion of employment taxes on the back wages hereby found due.

12.    In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the monetary amounts due under this Consent Judgment are paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by Wage and Hour within five (5) calendar days of the due date.

13.    **IT IS FURTHER ORDERED** that within 30 calendar days of the entry of this Consent Judgment, Defendants shall amend and maintain their recordkeeping and payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a.    Defendants shall pay employees for all hours worked in the residential care facilities. This includes:

i.    all time when employees are performing work tasks, such as cooking,

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

6

cleaning, or caring for clients;

    ii.    all time when employees, though not performing specific tasks, are required to remain in the facilities and be on call to assist the clients; and

    iii.    all other times when employees are required to be in the facilities, including time when employees are required to report in the evening the day before their shift starts.

b.    Defendants shall designate at least one specific employee as on duty or on call and required to remain in the facilities at all times necessary to provide 24-hour staff coverage. Defendants shall maintain a written weekly schedule that identifies, in advance, the employees who are on-call or on duty at all times. The schedule shall provide for paid staff coverage for no less than 16 hours per day (morning, afternoon, and evening). In addition, the schedule shall identify the employees who will spend the night in the facilities and be on-call for the clients, and indicate whether or not a credit will be claimed for their sleep time pursuant to Paragraphs 13.f and 13.g of this Judgment. The schedule shall be posted in a prominent location in each facility at the start of the work week. Defendants shall maintain these schedules for a period of three years and shall produce them to representatives of the Department of Labor upon their request.

c.    If two or more employees are in a facility at any time, Defendants shall make clear in advance which of the employees is on call or on duty and will be paid, and which, if any, is completely off-duty and free to leave. If Defendants fail to designate a specific employee as on call or on duty during any given period of time, all the employees present in the facility during that time must be paid.

d.    Defendants shall either pay employees for meal and break periods or stagger them so that the employee taking the meal or break period is completely relieved of duty and not on-call to assist the clients during that time. Defendants shall indicate on the written schedule referenced above which employees are on-call or are completely relieved of duty during their meal and break periods.

e.      Defendants shall not reduce compensable hours worked for time spent sleeping (claim a "sleep time credit") for any employee who is required to spend the night in the facilities unless the requirements of Paragraph 13.f or 13.g of this Judgment are met.

f.      Defendants may claim a sleep time credit of up to 8 hours for an employee who is required to be at the facilities for 24 or more consecutive hours if:

     i.      Defendants and the employee have a voluntary written agreement that is valid for the period in which the sleep time credit is claimed;

     ii.     The written agreement provides for the exclusion of regularly scheduled sleeping periods of not more than 8 hours from hours worked;

     iii.    Defendants have provided adequate sleeping facilities for the employee, including a room and at least a twin-sized bed;

     iv.     The employee is usually able to enjoy an uninterrupted night's sleep;

     v.      After any interruptions, the employee gets at least five hours of sleep during the night;

     vi.     The employee is compensated for any time the employee's sleep is interrupted due to work demands;

     vii.    The employee is paid for at least 13 hours of work per day, after a maximum of 8 hours for sleep time and 3 hours for work-free meal and break periods are deducted; and

     viii.   Defendants indicate on the written schedule that they will claim a sleep credit for the employee.

g.      Defendants may claim a sleep time credit of up to 8 hours for an employee who resides at the facility for at least 5 days per week, or is a reliever for such an employee, if:

     i.      Defendants and the employee have a voluntary written agreement regarding the compensable hours worked by the employee that is valid for the period in which the sleep time credit is claimed;

     ii.     The employee has periods of complete freedom from all duties when s/he is

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

8

not on call and may leave the premises for purposes of her or his own;

    iii.    The written agreement provides for the exclusion of regularly scheduled sleeping periods of not more than 8 hours from hours worked;

    iv.    The agreement provides that all other non-sleep time hours in which the employee must remain in the facility to be on-call for the residents are compensable hours;

    v.    The employee is provided a home-like environment with a private room separate from other residents and staff members and at least a twin bed;

    vi.    The employee is compensated for any time the employee's sleep is interrupted due to work demands;

    vii.    After any interruptions, the employee gets at least five hours of sleep during the night; and

    viii.    Defendants indicate on the written schedule that they will claim a sleep credit for the employee.

h.    Defendants shall procure and install a time clock at each work location and ensure that each employee uses the time clock to accurately record in the employer's records the time the employee:

    i.    begins work each shift by clocking/punching in as soon as the employee enters the worksite and/or employer's premises;

    ii.    begins any uninterrupted work-free meal or break period of 30 minutes or more by clocking/punching out at the beginning of the lunch period;

    iii.    ends any uninterrupted work-free meal or break period of 30 minutes or more by clocking/punching in at the end of the uninterrupted work-free meal period;

    iv.    ends work each shift by clocking/punching out just before the employee leaves the worksite and/or the employer's premises; and

    v.    begins and ends any period, if any, when the employee, though on the

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

9

employer's premises, is completely relieved of duty and not on call to assist the residents, and thus not paid.

i.    Defendants shall procure a video camera to record employees when they clock in and out on the time clock. The video footage shall include a time and date stamp. Defendants shall maintain this video footage for two years from the date it is recorded and shall make the footage available to authorized agents of the Secretary for inspection and/or copying, upon their demand for such access.

j.    For each work week, Defendants shall sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each workweek. Each pay period Defendants shall prepare a statement of hours and wages for each employee ("Pay Period Summary"). The Pay Period Summary shall provide all information required under California Labor Code Section 226(a), including:

    i.    the employee's gross wages earned;

    ii.    total hours worked;

    iii.    all deductions;

    iv.    net wages earned;

    v.    the inclusive dates of the period for which the employee is paid;

    vi.    all applicable hourly rates in effect during the pay period, and

    vii.    the corresponding number of hours worked at each hourly rate.

Employees who work over 40 hours in a week must be paid their regular rate for all hours worked plus an additional half time premium for the hours worked over forty. Defendants shall calculate the half-time premium for hours worked over forty in each work week by dividing the employees' regular rate in half.

k.    Each pay period, Defendants shall direct each employee to review the employee's Pay Period Summary and write in corrections if necessary. For a period of not less than one year following entry of this judgment Defendants shall include the following statement on each Pay Period Summary, in English and Tagalog languages:

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

10

Your employer must pay you for all hours you work. Your hours worked includes all the time when you are required to be at the facility. If you think your employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE.

Ang iyong Employer ay kailangang magbayad sa iyo para sa lahat ng oras na natrabaho mo. Ang mga oras na iyong ipinagtrabaho ay kasama pati ang lahat ng oras na ikaw ay kinailangan sa pasilidad. Kung inaakala mo na hindi ka nabayaran ng Employer sa lahat ng oras na natrabaho mo, maari kang tumawag sa US Department of Labor upang magsampa ng kompidendensyal na reklamo sa 1-866-4US-WAGE.

l.     Defendants shall maintain copies of all Pay Period Summaries for three years after issuance for inspection and/or copying by authorized agents of the Secretary at any time upon request without prior notice.

m.     Defendants shall not include the value of food eaten by employees as a part of employees' pay (claim a "meal credit") absent strict compliance with 29 C.F.R. Part 531. Defendants shall retain receipts for any food purchased for which a meal credit is claimed for a period of three years and shall make such receipts available for inspection by the U.S. Department of Labor upon request without prior notice. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated the amount of any meal credit claimed during the previous calendar quarter.

n.     Defendants shall not include the value of the provision of sleeping facilities to employees as part of employees' pay (claim a "lodging credit") absent strict compliance with 29 C.F.R. Part 516, including but not limited to 29 CFR § 516.27. Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed for a period of three years and shall make such documents available for inspection by the U.S. Department of Labor upon request without prior notice. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated the amount of any lodging credit Defendants claimed during the previous

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

11

calendar quarter. Defendants shall record all hours worked by employees in the payroll records.

o. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

p. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

q. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

r. Defendants shall not request, require, or otherwise cause employees to sign inaccurate time records or waivers of their right to sue, or use or threaten to use any previously signed records or waivers against employees or the Secretary in any proceeding.

14. **IT IS FURTHER ORDERED** that Defendants take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

a. Within 15 days of the entry of this judgment, on a date and time mutually agreed upon by the parties, Defendants shall permit a representative of the Secretary to visit each of Defendants' facilities and read aloud the attached Exhibit B "Notice of Employee Rights" in English and Tagalog to all employees at each of the facilities. Defendants Precilla San Miguel, Teofilo Cris Sanque, and Ryan San Miguel shall be present during the reading of this statement at each facility, and employees' time during the reading shall be treated as hours worked.

b. Within 15 days of the entry of this Judgment, Defendants shall post a copy of the attached Exhibit B "Notice of Employee Rights," in English and Tagalog languages, at each of their facilities in an area that is frequented by employees. Such Notice shall remain posted for a minimum of one year.

15. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on Exhibit A for any period not specified therein.

16. Each party shall bear all fees and other expenses (including court costs) and

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

12

attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding to date.

     17.    Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Wage and Hour Division.

     18.    This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

Dated: _____May 17, 2016_____



IT IS SO ORDERED

_____
Judge Donna M. Ryu
United States Magistrate Judge

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

13

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief FLSA Counsel

By: _/s/ Tara Stearns_ _____     May 13, 2016
TARA STEARNS                                    Date
Trial Attorney

Attorneys for Plaintiff, U.S. Secretary of Labor

_____     _5/5/16_____
PRECILLA SAN MIGUEL                    Date

_____     _5/5/16_____
TEOFILO CRIS SANQUE                    Date

_____     _5/6/16_____
RYAN SAN MIGUEL                        Date

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

14

| First Name | Last Name | Back Wage Start Date | Back Wage End Date | Total Back Wages | Liquidated Damages | Total Due |
|---|---|---|---|---|---|---|
| Maria | Avila | 01/07/2013 | 01/14/2013 | $43.64 | $43.64 | $87.28 |
| Merced | Baroro | 01/21/2013 | 02/11/2013 | $183.22 | $183.22 | $366.44 |
| Victoria | Bayani | 10/22/2012 | 03/11/2013 | $4,445.40 | $4,445.40 | $8,890.80 |
| Eva | Castaneda | 10/22/2012 | 12/03/2012 | $1,531.98 | $1,531.98 | $3,063.96 |
| Mitzi Marie | Crawford | 11/18/2013 | 03/02/2015 | $16,324.56 | $16,324.56 | $32,649.12 |
| Amalia | De Leon | 08/18/2014 | 03/02/2015 | $6,455.37 | $6,455.37 | $12,910.74 |
| Catalina | Lucas | 01/07/2013 | 03/02/2015 | $24,896.31 | $24,896.31 | $49,792.62 |
| Ermina | Macapagal | 04/01/2013 | 07/08/2013 | $2,750.27 | $2,750.27 | $5,500.54 |
| Marcris | Medrano | 10/22/2012 | 12/03/2012 | $120.29 | $120.29 | $240.58 |
| Yolanda | Rivera | 09/16/2013 | 09/23/2013 | $49.64 | $49.64 | $99.28 |
| Josephine | Yegyayan | 09/30/2013 | 10/28/2013 | $1,444.70 | $1,444.70 | $2,889.40 |
| Leongcia | Arcilla | 10/22/2012 | 03/02/2015 | $28,479.97 | $28,479.97 | $56,959.94 |
| Christine Angelyn | Dela Cruz | 10/22/2012 | 08/11/2014 | $16,669.34 | $16,669.34 | $33,338.68 |
| Teresita | Dimain | 08/18/2014 | 11/17/2014 | $3,799.34 | $3,799.34 | $7,598.68 |
| Teresita | Dimzon | 11/10/2014 | 03/02/2015 | $4,055.39 | $4,055.39 | $8,110.78 |
| Aida | Quimbao | 10/22/2012 | 12/30/2013 | $15,610.24 | $15,610.24 | $31,220.48 |
| Maricar | Tanjoco | 08/18/2014 | 03/02/2015 | $5,435.96 | $5,435.96 | $10,871.92 |
| Roslyn | Carreon | 11/04/2013 | 02/23/2015 | $14,948.55 | $14,948.55 | $29,897.10 |
| Teresita | Castillo | 04/01/2013 | 08/26/2013 | $4,393.72 | $4,393.72 | $8,787.44 |
| Marta | Dacuma | 08/18/2014 | 09/22/2014 | $1,586.22 | $1,586.22 | $3,172.44 |
| Delia | Dimarucut | 10/22/2012 | 03/02/2015 | $28,149.18 | $28,149.18 | $56,298.36 |
| Christine Berea | Guiao | 10/22/2012 | 10/20/2014 | $18,872.92 | $18,872.92 | $37,745.84 |
| Simon Vincent | Manalili | 08/12/2013 | 08/26/2013 | $977.68 | $977.68 | $1,955.36 |
| Imelda | Queddeng | 05/26/2014 | 06/02/2014 | $484.66 | $484.66 | $969.32 |
| Audrey | Rivera | 06/03/2013 | 03/10/2014 | $9,164.58 | $9,164.58 | $18,329.16 |
| Esther | Son | 01/05/2015 | 02/23/2015 | $1,626.87 | $1,626.87 | $3,253.74 |
| | | | **Totals:** | **$212,500.00** | **$212,500.00** | **$425,000.00** |

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

15

# NOTICE OF LEGAL RIGHTS

In December 2015, the U.S. Department of Labor sued and PRECILLA SAN MIGUEL, TEOFILO CRIS SANQUE, and RYAN SAN MIGUEL. The Labor Department sued these employers because they violated the Fair Labor Standards Act (FLSA), the federal law that requires employers to pay minimum wage and overtime to their employees. These employers didn't pay their employees minimum wage for all of their hours worked. They also failed to pay overtime premiums.

To settle this lawsuit, these employers have agreed to pay back wages and damages to employees who were not correctly paid and have promised to comply with the FLSA in the future.

<u>You have legal rights under the FLSA, including:</u>

➢ The right to be paid at least the minimum wage for all the hours that you work;

➢ The right to be paid overtime at a rate of 1.5 times your regular rate for all the hours that you work over 40 in a workweek;

➢ The right to speak freely with Labor Department investigators and officials;

➢ The right to be free of any demand from your employer that you pay back in way the money you receive under this settlement; and

➢ The right to be free from retaliation because you spoke to the Labor Department; complained to your employer that you weren't being paid correctly; or received a payment as part of this settlement.

Your employer is prohibited from taking any action against you because you spoke to the Labor Department or complained about your pay.

Precilla San Miguel, and anyone acting on her behalf, cannot threaten you or take any action against you because you spoke to the Labor Department or complained about your pay. She cannot fire you, pressure you to quit, reduce

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

16

your hours, sue you, or punish you in any way because you spoke to the Labor Department or complained. She cannot threaten to have any employee deported or call immigration on any employee. Any documents that she asked you to sign for use in this lawsuit cannot be used against you in this case or in any other case.

Your hours worked includes all the time when you are required to be at the facility. You must be paid for:

> all the time you perform work at the facility, including doing laundry, cleaning, and cooking food for the clients, and watching and assisting clients in any way;

> any time when you are not allowed to leave, including evening time when clients are in bed but someone has to be there in case something happens;

> any time when you have to report to the facility before the start of your shift, including evening time the day before;

> meal and break time unless you do no work and are free to leave;

> any time when you wake up in the middle of the night to take care of clients; and

> any time you have to work past the end of your shift, even if it is only by 15 minutes.

The only exception is for sleeping time. If certain requirements are met, then your employer may require you to stay at the facility overnight and not pay you for up to 8 hours of sleep time.

1. In all cases, you must be able to usually enjoy a full night's sleep and if your sleep is interrupted, you must be paid for that time. If you cannot get at least 5 hours of sleep, then you must be paid for the entire night.

2. If you are a live-in employee or reliever, you must have a private room, not shared with any other workers except a spouse or partner, in order for the sleep time not to be paid.

3. The only case where it is OK for your employer to give you a shared room and not pay you for 8 hours of sleep time when you are required to be at the facility is if they pay you for a minimum of 13 hours per day. This means all time would be paid for the day except 8 hours of sleep time, 1 hour for breakfast, 1 hour for lunch, and 1 hour for dinner (as long as you do no work and are free to leave the facility during the entire meal time).

If you think your employer has not correctly paid you for all hours you worked, or if you believe they have taken action against you because you spoke with the Department of Labor or received a payment under the settlement agreement, you can call the U.S. Department of Labor to make a confidential complaint. **The phone number is 1-866-4US-WAGE.**

(PROPOSED) CONSENT JUDGMENT AND ORDER
*Secretary of Labor v. San Miguel Homes for the Elderly, LLC*, Case No. 4:15-cv-5556-DMR

18

# NOTISYA NG MGA KARAPATAN NG MGA EMPLEYADO

Noong Disyembre 2015, idinemanda ng U.S. Department of Labor sina Precilla SAN MIGUEL, TEOFILO CRIS SANQUE, at RYAN SAN MIGUEL. Idinemanda ng Labor Department ang mga employers na ito dahil sila ay lumabag sa mga Fair Labor Standards Act (FLSA), ang pederal na batas na nangangailangan na ang employers ay magbayad ng minimum wage at overtime sa kanilang mga empleyado. Ang mga employers na ito ay hindi nagbayad sa kanilang mga empleyado ng minimum wage para sa lahat ng oras na kanilang natrabaho. Hindi rin sila nagbayad ng overtime premium.

Upang maareglo ang demandang ito, ang mga employers na ito ay sumang-ayon na magbayad ng utang na sahod at pinsala sa mga empleyado na hindi nabayaran ng tama at ipinangako nilang susunod sa mga FLSA sa hinaharap.

Mayroon kang legal na mga karapatan sa ilalim ng FLSA, kabilang:

 ➢ Ang karapatang bayaran ng hindi bababa sa minimum wage para sa lahat ng oras na ikaw ay nagtatrabaho;

 ➢ Ang karapatang mabayaran ng overtime rate na 1.5 na beses ng iyong regular na rate para sa lahat ng oras na natarabaho mo na lampas ng 40 oras sa isang linggo;

 ➢ Ang karapatang magsalita nang malaya sa Labor Department investigador at mga opisyal;

 ➢ Ang karapatang maging malaya sa anumang utos ng iyong employer na ibalik mo ang pera na natanggap mo sa aregluhan na ito; at

 ➢ Ang karapatang maging malaya sa paghihiganti ng employer dahil ikaw ay nagsalita sa Department Labor; magreklamo sa iyong employer na hindi ka binabayaran ng tama; o tumanggap ng bayad bilang bahagi ng areguhan na ito.

Ang iyong employer ay pinagbawalan na gumawa ng anumang pagkilos laban sa iyo dahil ikaw ay nagsalita sa Labor Department o nagreklamo tungkol sa iyong bayad.

Si Precilla San Miguel, at sinuman na kumikilos sa kanyang ngalan, ay hindi pwedeng magbanta sa iyo o gumawa ng anumang pagkilos laban sa iyo dahil ikaw ay nakipagusap sa Labor Department o nagreklamo tungkol sa iyong sahod. Hindi ka niya maaaring tanggalin sa trabaho, pwersahin umalis, bawasan ang iyong oras, idemanda ka, o parusahan sa anumang paraan dahil ikaw ay nagsalita sa Labor Department o nagreklamo sa sahod mo. Hindi niya maaring takuin ang sinumang empleyado na ipadeport o itawag sa immigration. Ang anumang dokumento na pinapirmahan niya sa iyo para sa demandang ito ay hindi maaaring gamitin laban sa iyo sa kasong ito o sa ano pa mang ibang kaso.

Mga oras na nagtrabaho mo pati ang mga oras ikaw ay kinakailangang nasa pasilidad. Ikaw dapat ay bayaran para sa:

➢ lahat ng oras na nagtrabaho ka sa pasilidad, kabilang ang paglalaba, paglilinis, at pagluluto ng pagkain para sa mga kliyente, at pagbantay at pagtulong sa mga kliyente sa anumang paraan;

➢ anumang oras na ikaw ay hindi pinayagang umalis, kabilang ang mga gabi na kung ang kliyente ay nasa kama ngunit kailangang may kasama sakaling may mangyari;

➢ anumang oras na kailangan mong mag report sa ang mga pasilidad bago ang simula ng iyong shift, kabilang ang gabi ng nakalipas na araw

➢ oras ng pagkain at break maliban kung wala kang trahabaho at libre kang umalis;

➢ anumang oras na gumising ka sa gabi upang alagaan ang mga kliyente; at

➢ anumang oras na kinailangan kang magtrabaho ng lampas sa iyong shift, kahit na ito ay 15 minuto lamang.

Ang tanging exception ay sa oras ng pagtulog. Kung ang ibang pangangailanan ay matutugunan, ang employer ay maari kang i-require na manatili sa pasilidad magdamag at hindi ka babayaran hanggang sa 8 oras ng oras ng pagtulog.

1. Sa lahat ng kaso, kailangan mong maenjoy ang pagtulog ng isang buong gabi, at kung ang iyong pagtulog ay naudlot, kailangan ay bayaran ka para sa oras na iyon. Kung hindi ka nakatulog ng 5 oras, dapat kang bayaran para sa buong gabi.

2. Kung ikaw ay isang live-in na empleyado o reliever, kailangan mong magkaroon ng isang pribadong silid, walang kasamang ibang manggagawa maliban sa asawa o partner, para ang oras ng pagtulog ay hind dapat babayaran.

3. Ang tanging kaso kung saan ito ay OK para sa iyong employer na bigyan ka ng isang shared room at hindi ka babayaran para sa 8 oras ng pagtulog oras at ikaw ay kinakailangan sa pasilidad ay kung ikaw ay babayaran ng minimum na 13 oras bawat araw. Ang ibig sabihin nito ang lahat ng oras sa araw ay dapat bayaran, maliban sa 8 oras ng pagtulog, 1 oras para sa almusal, 1 oras para sa tanghalian, at 1 oras para sa hapunan (basta hindi ka nagtrabaho at at libre kang umalis ng pasilidad sa oras ng pagkain).

Kung sa palagay mo ay hindi tama ang bayad sa iyo ng employer para sa lahat ng oras na nai trabaho mo, o kung naniniwala ka na sila ay gumawa ng pagkilos laban sa iyo dahil ikaw ay nagsalita sa Department of Labor o tumanggap ng bayad ayon sa kasunduan, maaari kang tumawag sa U.S. Department of Labor upang makagawa ng isang kompidensyal na reklamo.

**Ang numero ng telepono ay 1-866-4US-WAGE.**